UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
KIMBERLY A. Q. MILLIGAN,       )
                               )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No. 09-0009 (RWR)
                               )
HILLARY RODHAM CLINTON,        )
                               )
        Defendant.             )
_____)
```

### MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly A. Q. Milligan brought this action against the Secretary of State[1] alleging discrimination on the basis of race and color and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  The Secretary has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56, contending that Milligan has failed to exhaust her administrative remedies and that Milligan has failed to establish a prima facie case of discrimination and hostile work environment.  Milligan opposes, arguing for discovery under Rule 56(f) and asserting that the Secretary's motion should be denied because the exhibits attached to the motion are not admissible in evidence.  Milligan has filed

---

[1] Hillary Rodham Clinton is substituted as the defendant under Fed. R. Civ. P. 25(d).

-2-

separately a Rule 56(f) motion and a motion to strike the Secretary's exhibits. While Milligan has demonstrated her entitlement to discovery to respond to the defendant's dispositive motion regarding the hostile work environment claim, she has failed to carry her burden of showing how the discovery she seeks to obtain would create a genuine issue of material fact as to her remaining discrimination claims. Therefore, Milligan's Rule 56(f) motion will be granted in part. Milligan will be directed to supplement her Rule 56(f) motion demonstrating how the discovery she seeks would create a genuine factual dispute as to her remaining discrimination claims. The Secretary's motion for summary judgment and Milligan's motion to strike will be denied without prejudice to reinstating the motions should Milligan fail to demonstrate an entitlement to the discovery she seeks on her remaining discrimination claims.

BACKGROUND

Milligan, an employee in the Executive Office of the Bureau of Consular Affairs ("Agency"), filed suit under Title VII alleging employment discrimination on the basis of race and color, and a hostile work environment. The defendant has moved to dismiss or, in the alternative, for summary judgment arguing both that Milligan has failed to exhaust her administrative remedies and that Milligan cannot establish a prima facie case of discrimination. (Def.'s Mem. of P. & A. in Supp. of Mot. to

-3-

Dismiss or, in the Alternative, for Summ. J. ("Def.'s Mem.") at 4-17.)  Milligan counters that under Rule 56(f), she should be given the opportunity to conduct discovery because she cannot fully oppose the Secretary's motion without the benefit of discovery.  (Pl.'s Response and Opp'n at 6.)  She also argues that most of the exhibits submitted in support of the Secretary's motion are inadmissible under Rule 56(e) because they have not been properly authenticated and contain inadmissible hearsay.  (Id. at 5-6.)  Meanwhile, Milligan has filed a motion to strike the Secretary's exhibits and a motion for Rule 56(f) discovery, based on the same reasons articulated in her opposition.  The defendant opposes both motions.

## DISCUSSION

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In reviewing a Rule 12(b)(6) motion, a court "must treat the complaint's factual allegations as true . . . and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged."  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citation and quotation marks omitted).  However, "when, on a Rule 12(b)(6) motion, 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'"  1443 Chapin St., LP v. PNC Bank, Nat'l

-4-

Ass'n, 258 F.R.D. 186, 187 (D.D.C. 2009) (quoting Fed. R. Civ. P. 12(d)).  Because the Secretary has submitted and relies upon multiple exhibits in support of her motion, the motion will be treated as one for summary judgment.

"A party may respond to a motion for summary judgment by moving for additional discovery."  Graham v. Mukasey, 608 F. Supp. 2d 50, 52 (D.D.C. 2009).  Rule 56(f) of the Federal Rules of Civil Procedure provides that "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken[.]" Fed. R. Civ. P. 56(f).  This Rule "recognizes the importance of discovery in defending a motion for summary judgment[,]" Wiggins v. State Farm Fire and Cas. Co., 153 F. Supp. 2d 16, 19 (D.D.C. 2001) (citing Dyson v. Winfield, 113 F. Supp. 2d 35, 42 (D.D.C. 2000)), and "is intended to prevent railroading 'a non-moving party through a premature motion for summary judgment before the non-moving party has had the opportunity to make full discovery.'"  Graham, 608 F. Supp. 2d at 53 (quoting Berliner Corcoran & Rowe LLP v. Orian, 563 F. Supp. 2d 250, 253 (D.D.C. 2008)).  "As the D.C. Circuit has consistently cautioned, summary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery."  1443 Chapin St., LP, 258

-5-

F.R.D. at 187 (internal quotation marks omitted).  Under Rule 56(f), however, "[t]he party seeking discovery bears the burden of identifying the facts to be discovered that would create genuine issues of material fact and the reasons why the party cannot acquire those facts without . . . discovery."  Graham, 608 F. Supp. 2d at 52-53.  The Rule is not "designed to allow 'fishing expeditions,' and plaintiffs must specifically explain what their proposed discovery would likely reveal and why that revelation would advance the plaintiffs' case."  Id. at 54.

To date, Milligan has not yet had the chance to engage in discovery.  (See Pl.'s Mem. of P. & A. in Supp. of Mot. for Continuance ("Pl.'s Mem."), Decl. of Pl. Milligan Pursuant to Rule 56(f) ("Milligan Decl.") ¶ 5.)  She seeks, in part, to obtain the "testimony of co-workers and others in management as to . . . the nature, frequency, severity and extent of the hostile work environment[.]"  (Pl.'s Mem. at 2-3, Milligan Decl. ¶ 2.)  Milligan has identified by name certain employees from whom she seeks to elicit statements made by her first line supervisor, Herbert Casey, and information related to how Casey treated her.  (Pl.'s Mem. at 3, Milligan Decl. ¶ 3.)  Milligan also has demonstrated that she cannot adequately respond to the defendant's motion without conducting discovery of these witnesses who are in the employ of the defendant and has made a showing, albeit spare, that the testimony could create a genuine

-6-

fact issue as to whether Casey's behavior was frequent or severe enough to create a hostile work environment.

Milligan has identified other information that she seeks, including personnel file documents, documents related to a 2008 Human Resources audit conducted by the State Department, statistical information, and evidence of other race and color discrimination complaints filed against the Agency (Pl.'s Mem. at 3-4, Milligan Decl. ¶ 4), but has failed to demonstrate how this information would create a genuine issue of material fact on her remaining discrimination claims.  Because Milligan has not purported to concede to the defendant's dispositive motion on those claims, but has failed to carry her burden of showing how the additional discovery she seeks would advance her case, her Rule 56(f) motion will be granted only in part.  Milligan will be directed to supplement her Rule 56(f) motion, identifying specifically how the additional information she seeks would create a genuine factual dispute on her remaining discrimination claims.  The defendant's motion for summary judgment and Milligan's motion to strike will be denied without prejudice to refiling them should Milligan fail to carry her burden of demonstrating an entitlement to the discovery she seeks to obtain on her remaining discrimination claims.

-7-

## CONCLUSION AND ORDER

Because Milligan has shown that information she seeks could create a genuine factual dispute as to her hostile work environment claim, her Rule 56(f) motion will be granted in part. However, Milligan must supplement her Rule 56(f) motion, stating specifically how the additional discovery she seeks would reveal a genuine issue of material fact as to her remaining discrimination claims.  Further, Milligan's motion to strike and the Secretary's motion to dismiss or, in the alternative, for summary judgment will be denied without prejudice to refiling them should Milligan fail to supplement adequately her Rule 56(f) motion.  Accordingly, it is hereby

ORDERED that Milligan's Rule 56(f) motion [8] be, and hereby is, GRANTED in part.  Rule 56(f) discovery will be permitted regarding the hostile work environment claim.  However, before the parties are asked to propose an order outlining the scope and duration of any Rule 56(f) discovery, Milligan shall supplement by April 1, 2010 her Rule 56(f) motion as explained above.  It is further

ORDERED that Milligan's motion [9] to strike and the Secretary's motion [4] to dismiss or, in the alternative, for summary judgment be, and hereby are, DENIED without prejudice to reinstating the motions should Milligan fail to demonstrate an

-8-

entitlement to the discovery she seeks on her remaining discrimination claims.

SIGNED this 11th day of March, 2010.

```
                              /s/
                    RICHARD W. ROBERTS
                    United States District Judge
```